GONZALO LEBRÓN SOTOMAYOR, Plaintiff and Appellant, *v.* PERSONNEL BOARD OF THE COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. O-70-116.     Decided October 18, 1971.

*Luis Muñoz Rivera* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

PER CURIAM: Gonzalo Lebrón Sotomayor occupied a position of Recreation Supervisor II in the Public Recreation

and Parks Administration of Puerto Rico. The appointing authority granted him leave on the ground of a medical certificate dated February 17, 1969. Said certificate was to the effect that the employee would continue under treatment for a renal infection he was suffering and for which he would continue receiving treatment for 15 or 20 more days, and he was given an appointment for March 3, 1969, date on which he would be discharged if he had recovered his health.

The employee did not report to his work until March 14, 1969.

On March 13 the appellant was dismissed by the Public Recreation and Parks Administration. The action taken by the appointing authority was grounded on a charge preferred against Lebrón Sotomayor for "dereliction of service." Said charge was preferred in the following terms:

". . . you are absent from your work without authorization. The medical certificate offered by you was until March 3, 1969, and until today you have not communicated with the Agency, thus violating Subd. 3.34, Chapter IV of the Administrative Manual. Such action constitutes a dereliction of service."

The pertinent statutory provision provides:

"Each employee who is absent from his work for 5 consecutive days without authorization from the appointing authority shall be guilty of dereliction of service. Such dereliction of service shall be just cause for the appointing authority to suspend or dismiss the employee." 3 R.&R.P.R. § 647–202.

It arises from the medical certificate submitted in evidence, dated March 17, 1969, that appellant had been seen by his physician on March 3, and that his physician continued giving him ambulatory treatment for 15 more days, at the end of which he was discharged to return to his work. That is to say that on March 18, 1969, the employee was in satisfactory health condition to report to his work in the Public Recreation and Parks Administration.

On March 20, 1969, Lebrón Sotomayor appealed his dismissal before the Personnel Board of Puerto Rico. On August 11, 1969, the Personnel Board issued its decision, in which with a dissenting vote it affirmed the dismissal of Gonzalo Lebrón Sotomayor.

On August 25, 1969, appellant requested the review before the Superior Court, San Juan Part. By judgment of April 17, 1970, the Superior Court affirmed the decision of the Personnel Board.

The aggrieved party appeals to this Court by way of certiorari.

The determinations of the Personnel Board as well as of the Superior Court rely on that, in view of the facts of the instant case, the offense committed by the employee constitutes "dereliction of service." Said finding does not seem correct to us, even though we accept the Personnel Board's findings of fact.

Lebrón Sotomayor was sick and under medical treatment and the absence from work was due to that sickness and treatment, not to negligence on his part in the discharge of his position, nor to the intention on his part nor to the unconcerned negligence to be absent from the discharge of his obligations. It is true that the employee did not notify his employer that he was still under medical treatment subsequently to March 3, 1969. His fault consisted in not informing his employer in advance the reason for his absence. However, the medical certificate dated February 17, 1969, is sufficiently clear as to leave no doubt that it was possible that the patient would not be discharged on March 3 if the latter had not recovered his health. And the second medical certificate dated March 17, 1969, explains the reasons for Lebrón Sotomayor's absences.

■■ The finding of the Superior Court and the Personnel Board that the absences of this employee, motivated by reasons of health, constitute dereliction of service for the

mere fact that they were not notified to his employer in advance, is untenable. What § 647–202 of Title 3 of the Rules and Regulations of Puerto Rico contemplates as constituting dereliction of service are unauthorized absences of a vicious nature, without reasonable justification and not any kind of absence. The construction made by the Personnel Board and the Superior Court of that rule provision is in conflict with the spirit of the Government Personnel Act. The dismissal of an employee under the Personnel Act is a drastic disciplinary measure in its effects and scope, if it is taken into account that the Act authorizes the Director to reject the application for admission to a test or remove the name from the lists, or refuse to certify the name of any person who has been dismissed from the public service (3 L.P.R.A. § 655); and that the Regulations (3 R.&R.P.R. § 647–203) provide that any employee dismissed from his position in the Commonwealth Service may be considered ineligible for appointment to competitive and noncompetitive service positions. As it was held in *Arcelay Rivera* v. *Police Superintendent*, 95 P.R.R. 205, 219 (1967):

"The fact that appellant becomes ineligible for any government office, or to aspire to it, is quite a serious and damaging fact, in comparison to his conduct."

■ We conclude that the fault committed by the employee in this case in not having reported to his superior about his physical condition and that he continued under treatment is not so serious as to justify his dismissal. However, we should not disregard the fact that appellant violated a basic rule of conduct which he owed to his superiors in furtherance of the public service. His fault is reproachable; his physical condition was not such that would excuse it. A telephone call, a telegram, or a message by means of a relative is not too much to demand, considering the disturbance that the failure to do so may cause the service. For such violations the appointing

authority may censure the employee and warn him that more severe disciplinary measures such as temporary suspension, and even the dismissal, shall be used if that conduct is repeated.

For the aforestated reasons, the judgment of the Superior Court, San Juan Part, of April 17, 1970, will be reversed. The reinstatement of Gonzalo Lebrón Sotomayor to his position of Recreation Supervisor II, with the corresponding payment of the salaries not received by him since his dismissal, will be ordered.

Mr. Chief Justice Negrón Fernández and Mr. Justice Dávila did not participate herein.